Argued and submitted December 2, 2019, affirmed September 1, 2021

William B. WALTON,
an individual;
James Jefferson Walton, Jr., an individual;
and Victoria K. Walton, an individual,
*Plaintiffs-Appellants,*

*v.*

NESKOWIN REGIONAL SANITARY AUTHORITY,
*Defendant-Respondent,*

*and*

Evelyn A. HARRIS,
Trustee of the Harris Living Trust; et al.,
*Defendants.*

Tillamook County Circuit Court
17CV10996; A168358

498 P3d 325

Plaintiffs appeal a limited judgment dismissing their complaint and a supplemental judgment awarding defendant a money award. In 2017, plaintiffs filed an inverse condemnation complaint demanding "just compensation" as required by Article I, section 18, of the Oregon Constitution and the Takings Clause of the Fifth Amendment to the United States Constitution for the physical occupation of a main sewer line installed on plaintiffs' property sometime before 1995. Defendant filed a motion for summary judgment, arguing that the six-year statute of limitations, as stated in ORS 12.080, barred plaintiffs' claim. Defendant responded to that motion, asserting that (1) the six-year statute of limitations on takings is unconstitutional; (2) the statute of limitations begins when defendant denies just compensation, not, as here, when the physical occupation taking occurs; and (3) the six-year statute of limitations, discussed in *Suess Builders v. City of Beaverton*, 294 Or 254, 268, 656 P2d 306 (1982), only applies to regulatory takings, not, like here, a physical occupation taking. The trial court agreed with defendant and dismissed plaintiffs' claims. Defendant assigns error to that denial and reprised those three arguments on appeal. *Held*: The trial court did not err in applying a six-year statute of limitations to takings under Article I, section 18, of the Oregon Constitution and the Takings Clause of the Fifth Amendment to the United States Constitution. Moreover, the statute of limitations applies to physical occupation takings, like regulatory takings, when the taking occurs.

Affirmed.

Jonathan R. Hill, Judge.

Paul J. Sundermier argued the cause for appellants. Also on the briefs were Jennifer C. Paul and Saalfeld Griggs PC.

Christopher T. Griffith argued the cause for respondent. Also on the brief were Joshua J. Stellmon, Michael K. Kelley, and Haglund Kelley LLP.

Before DeVore, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.*

EGAN, C. J.

Affirmed.

_____
\* Egan, C. J., *vice* DeHoog, J.

**EGAN, C. J.**

Plaintiffs appeal a limited judgment dismissing their complaint and a supplemental judgment awarding defendant—Neskowin Regional Sanitary Authority (NRSA)—a money award.[1] In 2017, plaintiffs filed an inverse condemnation complaint demanding "just compensation" as required by Article I, section 18, of the Oregon Constitution and the Takings Clause of the Fifth Amendment to the United States Constitution for the physical occupation of a main sewer line installed on plaintiffs' property sometime before 1995.[2] Defendant filed a motion for summary judgment arguing that the six-year statute of limitations, as stated in ORS 12.080, barred plaintiffs claim.[3] The trial court agreed and granted defendant's motion for summary judgment and later awarded defendant "costs and disbursements" amounting to $682, which is reflected in a supplemental judgment. We conclude that the trial court did not err in applying the six-year statute of limitations, and, accordingly, affirm.

The following facts are mostly procedural and undisputed unless otherwise stated. Defendant buried a main sewer line on plaintiffs' property sometime before 1995. Plaintiffs alleged that their father gave defendant permission to build the sewer line on their property in exchange for a "no-charge hook-up [to the sewer line], when at some later point in time hook-up might be required." Defendant disputed that that agreement exists, stating that there "is no written record *** offering a 'free hookup to [plaintiffs'] property'" and instead asserted that it installed the sewer

---

[1] NRSA is the only defendant appearing on appeal.

[2] Plaintiffs also argue that their property was unlawfully taken under Article XI, section 4, of the Oregon Constitution, which states that "[n]o person's property shall be taken by any corporation under authority of law, without compensation being first made" in the event that we conclude that NRSA is not a governmental entity. Defendant concedes, and we agree, that NRSA is a local government, to which constitutional takings law applies. *See* ORS 174.116(1)(a), (2)(r) (defining a "sanitary authority, water authority or joint water and sanitary authority" as a local government). Thus, we do not further discuss that argument.

[3] ORS 12.080, states, as relevant here, that "[a]n action for waste or trespass upon or for interference with or injury to any interest of another in real property, excepting those mentioned in ORS 12.050, 12.060, 12.135, 12.137 and 273.241 *** shall be commenced within six years."

line believing that it had a "prescriptive easement to the subject property."

In 2014, defendant required plaintiffs to hook up to the public sewer because the "septic tank on Plaintiffs' property had failed." Plaintiffs requested a no-charge hook-up due to the prior agreement that they alleged they had with defendant. Defendant denied plaintiffs' request for a no-charge hook-up and also denied that they owed plaintiffs compensation for the physical occupation of the sewer line on plaintiffs' property.

Plaintiffs filed an inverse condemnation complaint in 2017, more than 10 years after the sewer line was installed. In response, defendant filed a motion for summary judgment arguing, as relevant here, that "[p]laintiffs' claims have not been filed within the applicable statute of limitations."

At the hearing on defendant's motion, plaintiffs argued that there is no statute-of-limitations exception to the "just compensation" requirement of Article I, section 18, and the Takings Clause of the Fifth Amendment. In other words, they argued that "the legislature cannot pass statutes that contravene the constitution, nor should the courts enforce statutes that contravene the direct mandates of the constitution." Alternatively, plaintiffs argued that, in "physical occupation" takings, there is no statute of limitations, unlike in regulatory takings, and that, even if there is, that statute of limitations does not begin to run until "just compensation has been denied." Defendant responded that a six-year statute of limitations is applicable and that the statute of limitations runs from the time the taking occurred—when the sewer line was placed.

The trial court agreed with defendant, relying on *Suess Builders v. City of Beaverton*, 294 Or 254, 268, 656 P2d 306 (1982), and *Courter v. City of Portland*, 286 Or App 39, 398 P3d 936 (2017), and concluded that applying a statute of limitations is constitutional and that the statute of limitations "starts to run when a permanent physical occupation of plaintiffs' property occurs." Accordingly, the court ruled that the six-year limitation period to file an inverse condemnation action had expired, and it granted defendant's motion for summary judgment.

On appeal, plaintiffs reprise their arguments and raise three assignments of error. We begin by addressing plaintiffs' first assignment of error, in which they argue that the state and federal constitutions provide self-executing protections for physical occupations by the government and that, consequently, no statute of limitations can apply to takings claims for those physical occupations. We agree with defendants that plaintiffs' arguments are foreclosed by *Suess Builders*, 294 Or at 268 (applying a six-year statute of limitations to a claim under Article I, section 18) and *United States v. Dickinson*, 331 US 745, 748-49, 67 S Ct 1382, 91 L Ed 1789 (1947) (applying a six-year statute of limitations to a claim under the Takings Clause of the Fifth Amendment), and we are not persuaded by plaintiffs' efforts to distinguish those cases. Therefore, we reject that assignment of error.

In plaintiffs' second assignment of error, they assert that the statute of limitations began running when defendant refused to pay "just compensation" and not when the physical occupation occurred. Under Oregon law, that argument is foreclosed by *The Foster Group, Inc. v. City of Elgin, Oregon*, 264 Or App 424, 442, 332 P3d 354 (2014), in which we concluded that "the statute of limitations on [a] takings claim, based on [a] city's physical occupation of property, began to run when that physical occupation began."

Similarly, plaintiffs' claim under the Takings Clause is unsuccessful. "As a general matter, a statute of limitations begins to run when the cause of action accrues—that is, when the plaintiff can file suit and obtain relief." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 US 99, 105, 134 S Ct 604, 187 L Ed 2d 529 (2013) (internal quotation marks omitted). Recently, the United States Supreme Court concluded that an individual may initiate an inverse condemnation action at the time when the taking has occurred. *Knick v. Township of Scott, Pennsylvania*, ___ US ___, 139 S Ct 2162, 2170, 204 L Ed 2d 558 (2019). Here, the taking at issue is the physical occupation of the property. Accordingly, we reject defendant's second assignment of error.[4]

---

[4] To the extent that plaintiffs argue that a government entity could "sneak onto somebody's property and occupy it *** secretly," we conclude that we need not address that issue here. Plaintiffs make no assertion that defendant acted secretly or in bad faith, nor do they assert that defendant acted fraudulently.

In plaintiffs' third and final assignment of error, they maintain that the trial court erred when it applied the six-year statute of limitations set out in ORS 12.080(3) to a physical occupation. In doing so, plaintiffs attempt to distinguish *Suess Builders*, in which we concluded that the six-year statute of limitations in ORS 12.080(3) applies to a regulatory taking, from this case, which involves a physical occupation of property by the government. ORS 12.080(3) states, "[a]n action for waste or trespass upon or for interference with or injury to any interest of another in real property *** shall be commenced within six years." Plaintiffs provide no argument other than those that we have rejected in their first and second assignments of error in support of their assertion that that statutory provision does not bar their claims.[5] Nor do they cite any other statute to support that assertion. Under the plain text of ORS 12.080(3), we conclude that an action based on a physical occupation taking, which is an action for injury to an interest of another in real property, must be commenced within six years.

Affirmed.

---

Rather, it is plaintiffs' assertion, albeit contested by defendant, that the previous property owner—plaintiffs' father—had allowed defendant to install the sewer line "by permission *** for a no-charge hook-up, when at some later point in time hook-up [to the sewer line] might be required by [defendant]."

[5] In *The Foster Group, Inc.*, we accepted the parties' joint premise that an inverse condemnation claim brought under Article I, section 18, is subject to the six-year statute of limitations of ORS 12.080(3). 264 Or App at 441. As noted in the text, we have now considered the merits of that premise and, absent any persuasive argument to the contrary by plaintiffs, conclude that that premise is correct.